**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

DEBRA KILMER,

                Plaintiff,

vs.                                   Case No.  5:14-cv-456-Oc-34PRL

STRYKER CORPORATION, STRYKER
SALES CORPORATION, and
HOWMEDICA OSTEONICS CORP.,

                Defendants.

_____/

## ORDER

     **THIS CAUSE** is before the Court on Plaintiff's Motion for Remand to State Court and Memorandum of Law in Support Thereof (Dkt. No. 7; Motion) filed on September 16, 2014. Defendants Stryker Corporation, Stryker Sales Corporation and Howmedica Osteonics Corp. filed a response in opposition to the Motion on October 3, 2014. See Defendants' Response in Opposition to Plaintiff's Motion for Remand to State Court and Memorandum of Law in Support Thereof (Dkt. No. 9; Response).  The Motion is now ripe for resolution.

    **I.**     **Background**

     Plaintiff initiated this action on March 28, 2014, by filing suit against Defendants Stryker Corporation and Stryker Sales Corporation in state court. See Complaint (Dkt. No. 2; Complaint).  Plaintiff served Defendants Stryker Corporation and Stryker Sales Corporation with process on July 17, 2014. See Notice of Removal (Dkt. No. 1; Notice) at 2; 1-1 at 5, 7. Within thirty days of service, on August 15, 2014, these Defendants filed their

Notice removing the case to this Court, and invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. <u>See</u> Notice at 3.

Following removal, the Court <u>sua</u> <u>sponte</u> struck the Complaint as an improper shotgun pleading, and directed Plaintiff to file an amended Complaint. <u>See</u> Order (Dkt. No. 3). Plaintiff filed an amended complaint as ordered on September 2, 2014, and in doing so added Howmedica Osteonics Corp. as a named Defendant. <u>See</u> <u>generally</u> Complaint and Jury Demand (Dkt. No. 6; Amended Complaint). In the Amended Complaint, Plaintiff seeks to recover damages resulting from an allegedly defective artificial knee implant which she contends was designed, manufactured, and sold by Defendants. <u>See</u> <u>generally</u> Amended Complaint.

Plaintiff subsequently filed the instant Motion, asserting that Defendants had not met their burden of establishing that the amount in controversy in this case exceeds $75,000, and requesting that the Court remand the case to state court. <u>See</u> Motion at 1-3. Defendants oppose Plaintiff's request. <u>See</u> <u>generally</u> Response.

## II. Applicable Law

"If a state-court complaint states a case that satisfies federal jurisdictional requirements, a defendant may remove the action to federal court pursuant to 28 U.S.C. § 1446(b)." <u>See</u> <u>Roe v. Michelin N. Am., Inc.</u>, 613 F.3d 1058, 1060 (11th Cir. 2010). The removing party bears the burden of demonstrating that federal jurisdiction exists. <u>Kirkland v. Midland Mtg. Co.</u>, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001); <u>see also</u> <u>Pretka v. Kolter City</u>

Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010).[1]  Where, as here, Defendants rely on

diversity jurisdiction under § 1332(a) as the basis for removal, Defendants must show both

that the parties to the action are of diverse citizenship and that the amount in controversy

exceeds $75,000.  See Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  In

this case, Plaintiff does not dispute that the parties are of diverse citizenship.[2]  See Motion

at 3.  Therefore, the only jurisdictional question before the Court concerns whether the

amount in controversy requirement has been satisfied.  Williams, 269 F.3d at 1319.

    "Where the plaintiff has not plead[ed] a specific amount of damages . . . the defendant

is required to show . . . by a preponderance of the evidence that the amount in controversy

can more likely than not be satisfied."  Kirkland, 243 F.3d at 1281 n.5; see also Pretka, 608

F.3d at 752 (quoting Williams, 269 F.3d at 1319); Roe, 613 F.3d at 1061.[3]  "In some cases,

this burden requires the removing defendant to provide additional evidence demonstrating

that removal is proper."  Roe, 613 F.3d at 1061.  However, in other cases, "it may be 'facially

apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional

---

[1]  Although Pretka involved removal under the Class Action Fairness Act of 2005 (CAFA), it interpreted and applied the general removal procedures; indeed, with limited exception, "CAFA's removal provision expressly adopts the procedures of the general removal statute, 28 U.S.C. § 1446."  Pretka, 608 F.3d at 756-57 & n.11 (citations omitted).  Thus, the Court finds Pretka's analysis applicable to the case at bar.  See Bender v. Mazda Motor Corp., 657 F.3d 1200, 1204 n.2 (11th Cir. 2011); Roe, 613 F.3d at 1061-62.

[2]  Plaintiff is a citizen of the state of Florida, and Defendants Stryker Corporation and Stryker Sales Corporation are citizens of the state of Michigan.  See Notice at 3.  Defendant Howmedica Osteonics Corp. is a citizen of the state of New Jersey.  See Amended Complaint at 2.

[3]  In the Motion, Plaintiff mistakenly relies on Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).  Burns teaches that if the plaintiff asserts in his or her ad damnum clause a specific claim for less than the jurisdictional amount, then the removing defendant must prove "to a legal certainty" that the plaintiff, if he or she prevailed, would not recover below the jurisdictional amount of $75,000.  Inasmuch as Plaintiff has not pleaded a specific amount of controversy in her Complaint, Burns' legal certainty requirement does not apply.  Instead, Defendants must establish the amount in controversy by the preponderance of the evidence.

minimum, even when 'the complaint does not claim a specific amount of damages.'" Id. (quoting Pretka, 608 F.3d at 754). In determining whether the amount-in-controversy requirement is met, the Court "focuses on how much is in controversy at the time of removal, not later." Pretka, 608 F.3d at 751 (citations omitted); see also Poore v. Am.-Amicable Life Ins. Co., 218 F.3d 1287, 1290-91 (11th Cir. 2000) (holding that "the district court must determine whether it had subject matter jurisdiction at the time of removal"), overruled on other grounds by Alvarez v. Uniroyal Tire Co, 508 F.3d 639, 640-41 (11th Cir. 2007); Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 946 (11th Cir. 2000).

A court may not speculate or guess as to the amount in controversy. See Pretka, 608 F.3d at 752. However, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." Roe, 613 F.3d at 1061-62 (quoting Pretka, 608 F.3d at 754). Indeed, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Id. at 1062. Moreover, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka, 608 F.3d at 754. All that is required is that a removing defendant show, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional requirement. See id. at 752. However, in considering the propriety of a removal, federal courts consistently caution that removal statutes must be strictly construed, and all doubts resolved in favor of remand. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994); see also Shamrock  Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109

(1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.") (internal citations omitted). Nonetheless, when it is clear that the jurisdictional minimum is likely met, a district court should acknowledge the value of the claim, even if it is unspecified by the plaintiff. See Roe, 613 F.3d at 1064. To do otherwise would abdicate the court's statutory right to hear the case, and reward a plaintiff for "employing the kinds of manipulative devices against which the Supreme Court has admonished us to be vigilant." See id.

### III.   Analysis[4]

In the Notice, rather than citing to any evidence regarding Plaintiff's damages, Defendants quote the categories of damages which Plaintiff seeks, and concludes, "[t]he face of the Complaint makes clear that Plaintiff seeks damages in excess of $75,000, . . . ." Notice at 4. Defendants suggest that other courts have found such allegations to be sufficient to satisfy their burden, see id. at 4-5, and that other courts have concluded that the amount in controversy requirement was satisfied where the Plaintiff alleged injuries stemming from a defective knee implant, see id. at 5-6. Plaintiff disagrees and seeks

---

[4] The Court notes that "because [Defendant] filed its notice of removal within thirty days of being served with the summons and initial complaint," the removal is governed by what was formerly referred to as the first paragraph of § 1446(b). See Pretka, 608 F.3d at 757; Roe, 613 F.3d at 1060 n.2. Section 1446 was reorganized by Congress in 2011. Until that reorganization, § 1446(b)(1) was known as the "first paragraph," and § 1446(b)(3) was referred to as the "second paragraph." See Albritton v. Geovera Specialty Servs., Inc., 961 F.Supp. 2d 1220, 1222 (M.D. Fla. 2013); Davis v. Country Cas. Ins. Co., No. 6:13-cv-513-SLB, 2013 WL 3874709, at *2 n.5 (N.D. Ala. July 25, 2013); Musgrove v. Kellogg Brown & Root, LLC, No. 13-0104-WS-C, 2013 WL 1827583, at *2 (S.D. Ala. Apr. 29, 2013) (citing Pretka, 608 F.3d at 757). This distinction is significant because, as a first paragraph removal, "defendant may present additional evidence–business records and affidavits, for instance–to satisfy its jurisdictional burden." Roe, 613 F.3d at 1061 n.4; see also Pretka, 608 F.3d at 761-62, 770-71 ("[The f]irst paragraph does not restrict the type of evidence that a defendant may use to satisfy the jurisdictional requirements for removal.").

remand.  See generally Motion.  In the Motion, Plaintiff argues that Defendants have failed to provide any objective evidence of her damages, and instead rely only on unsubstantiated speculation.  See id. at 3-5.

Upon review of the Notice, the Court finds Plaintiff's assessment of the deficiencies in Defendants' allegations regarding the amount in controversy to be well taken.  Indeed, were that the only evidence before the Court, remand would be warranted.  However, such is not the case.  In response to the Motion, Defendants have submitted a copy of a letter sent by counsel for Plaintiff, the law firm of Diez-Arguelles & Tejedor, P.A., to Defendant Stryker Corp.  See Response at Ex. A (Demand Letter).  In the Demand Letter, counsel states that Plaintiff's physician, Dr. Hirsch has determined that her knee replacement failed.  See id. at 2.  Counsel provides a summary and copies of Plaintiff's past medical bills which, as of the time of the Demand Letter, totaled $72,792.93.  In addition, he notes that the future medical care suggested by Dr. Hirsch could cost "any where over $50,000" and that Plaintiff has suffered a permanent injury and will continue to suffer pain, economic losses, and a "severe decline in the quality of her life."  Id.  As a result, counsel seeks a tender of Stryker Corporation's full policy limits in settlement of Plaintiff's claims.  Id. at 3.  Notably, the letter itself is undated, however, it is stamped received on June 28, 2013.

The Eleventh Circuit Court of Appeals has stated:

> While it is undoubtedly best to include all relevant evidence in the petition for removal and motion to remand, there is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition. . . .  We emphasize, . . . "under any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time."

Sierminski, 216 F.3d at 949 (quoting Allen v. R&H Oil Co., 63 F.3d 1326, 1335 (5th Cir. 1995)).  Accordingly, although Defendants did not submit or rely on the Demand Letter in filing the Notice, the Court may nevertheless consider it so long as it is relevant to the amount in controversy at the time of removal.  See Pretka, 608 F.3d at 751.  Defendants removed this action in August of 2014.  Thus, the June 2013 Demand Letter is evidence with regard to the amount in controversy as of the date of removal.

Next, the Court must consider the weight to give this evidence, and whether it, combined with the allegations in the Complaint, satisfies the Defendants' burden of establishing the amount in controversy by a preponderance of the evidence.

> What [a settlement offer] counts for [ ] depends on the circumstances. Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence. On the other hand, settlement offers that provide "specific information . . . to support [the plaintiff's] claim for damages" suggest the plaintiff is "offering a reasonable assessment of the value of [his] claim" and are entitled to more weight.

Mark v. Wood Haulers, Inc., No. CA 09-0706-CG-C, 2009 WL 5218030, at *9 (S.D. Ala. Dec. 31, 2009) (quoting Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (alterations in Mark); see Burns v. Ford Motor Co., No. 2:08-cv-352-FtM-29SPC, 2008 WL 4791111, at *2 (M.D. Fla. Oct. 31, 2008) (noting that a pre-suit demand letter could reflect posturing for settlement instead of an honest assessment of damages); see also McPhail v. Deere & Co., 529 F.3d 947, 956 (10th Cir. 2008) (stating that a proposed settlement amount is relevant evidence of the amount in controversy if it appears to reasonably estimate the claim) (citing Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002)).

-7-

In the Demand Letter, Plaintiff's counsel did not demand a specific amount.  Instead, counsel discussed the extent of Plaintiff's injuries, as well as her pain and suffering and loss of enjoyment of life, and requested a tender of policy limits.  Demand Letter at 2-3.  However, counsel does include a specific summary of Plaintiff's past medical expenses totaling $72,792.93.[5]  In addition to the medical expenses described in the Demand Letter, in both the Demand Letter and the Complaint, Plaintiff plainly seeks additional damages to compensate her for pain and suffering, future medical expenses, and lost wages.  Moreover, in the Complaint, Plaintiff alleges that "[t]he losses are permanent and continuing in nature and Plaintiff will continue to suffer the losses in the future."

Upon review of the Notice, the Demand Letter, and the Complaint, which was the operative pleading at the time of removal, the Court finds that the damages alleged in this case are of the type that the Court could reasonably conclude, based on the past medical expenses, the nature of the case, the injury alleged, and the Court's experience, that the amount in controversy exceeds $75,000.  See Roe v. Michelin North America, Inc., 613 F.3d 1058, 1065 (11th Cir. 2010) (recognizing a court's ability to look to judicial experience and common sense to evaluate the value of claims).  In the Court's experience, Plaintiff's claims for permanent injury, pain and suffering, and past and future economic losses, when combined with the $72,792.93 in past medical expenses, drive the amount in controversy to exceed $75,000.  Accordingly, Defendant has shown "by a preponderance of the

---

[5]    Although the actual amounts Plaintiff would be able to recover could be reduced, for the purposes of jurisdiction, what is actually recoverable is irrelevant; instead, it is the amount Plaintiff is seeking, and therefore putting in controversy, that is determinative.  See Pretka, 608 F.3d at 751 ("[T]he plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover.") (quoting Amoche v. Guarantee Trust Life Ins. Co., 556 F.3d 41, 51 (1st Cir. 2009)).

evidence that the amount in controversy can more likely than not be satisfied," <u>Kirkland</u>, 243 F.3d at 1281 n.5, and Plaintiff's Motion for remand is due to be denied.

In consideration of the foregoing, it is hereby **ORDERED**:

Plaintiff's Motion for Remand to State Court and Memorandum of Law in Support Thereof (Dkt. No. 7) is **DENIED**.

**DONE AND ORDERED** in Chambers, this 27th day of October, 2014.

**MARCIA MORALES HOWARD**
United States District Judge

Copies to:

Counsel of Record